UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER TERRY; JAMES TRUELL,

                     Plaintiffs,

         -against-

DEPARTMENT OF CORRECTIONS, *et al.*,

                     Defendants.

20-CV-8373 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

       Christopher Terry and James Truell, who are currently detained in the Manhattan Detention Complex (MDC), filed this *pro se* complaint alleging that because of a lockdown order they cannot access the law library, file grievances, or call 311. Terry and Truell each submitted a request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, and a prisoner authorization. For the reasons set forth below, the claims of Terry and Truell are severed under Fed. R. Civ. P. 21.

## DISCUSSION

### A.    Order Severing Claims

       Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, ECF No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, ECF No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

While Terry's and Truell's claims are similar in nature, the facts underlying their claims are specific to each plaintiff. Each plaintiff has his own need for access to the law library and specific experiences in connection with filing grievances and calling 311.

Even if Terry and Truell were properly joined in this action, the Court finds that the practical realities of managing this *pro se* two-prisoner litigation militate against adjudicating

their claims in one action. As *pro se* litigants, Terry and Truell may appear only on their own behalf; one may not appear as an attorney for the other. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During the course of this action, each plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Terry and Truell would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this can result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, ECF No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a two-plaintiff case would not be fair to Terry and Truell and would not achieve judicial

economy. Allowing each plaintiff to proceed separately on the other hand, would facilitate the fair and efficient disposition of the litigation.

The Court will therefore sever this action into individual cases. Christopher Terry will proceed as the sole plaintiff in this action. James Truell will be assigned a new case number. A copy of the complaint and Truell's IFP application and prisoner authorization (ECF Nos. 2, 3, and 5) and this order will be docketed in the new case. The cases will proceed independently from this point on, and Terry and Truell will not be regarded as co-plaintiffs, except upon further order of the Court.[1]

**B.      Declaration of Intent to Proceed as a Plaintiff**

In the past, both Terry and Truell have claimed that another MDC detainee filed complaints in their names without their knowledge or consent. *See Terry v. City of New York*, ECF 1:20-CV-993, 8 (LLS); *Truell v. City of New York*, ECF 1:20-CV-0839, 7 (LLS); *Truell v. City of New York,* ECF 1:20-CV-0992, 10 (LLS). It therefore appears prudent to confirm their intention to participate in this lawsuit. Accordingly, the Court directs Terry to submit a declaration to certify that he read the complaint and is a plaintiff in this action. The Court will issue a separate order directing Truell to do the same once his case is assigned a new docket number.

## CONCLUSION

The Court severs the claims of Terry and Truell under Fed. R. Civ. P. 21. Christopher Terry will proceed as the sole plaintiff in this action. Terry is directed to sign and return the attached declaration form under this docket number (20-CV-8373).

---

[1] The severance of Terry's and Truell's claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

The Clerk of Court is directed to open a separate civil action with a new docket number for James Truell. A copy of the complaint, Truell's IFP application and prisoner authorization (ECF Nos. 2, 3, and 5) and this order shall be docketed in the new case. Once the new case is opened, the Court will direct Truell to submit a declaration form establishing his intent to proceed as a plaintiff.

The Clerk of Court is directed to mail a copy of this order to Terry and Truell and note service on the docket.

SO ORDERED.

Dated:   October 15, 2020
         New York, New York

                                                  *Louis L. Stanton*
                                                  Louis L. Stanton
                                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Click here to enter text.,

        Choose an item.,

-against-

Click here to enter text.,

        Choose an item..

Click here to enter text.

DECLARATION

    I, Click here to enter text., declare under penalty of perjury that the foregoing is true and correct:

    I am a plaintiff in this action and I respectfully submit this declaration in response to the Court's order dated Click here to enter a date.. I have signed this declaration as proof that I have read the complaint in this action and that I am a plaintiff in this action. Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) the complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

| Dated | Signature |
|---|---|
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address (if available) |
|---|---|

1